HOUSTON vs. BROWN.

An action will not lie upon an instrument of writing acknowledging the receipt of money by the defendant of the plaintiff, specifying its payment on account of a partnership concern, unless the plaintiff prove that there was not an existing or unsettled partnership.

The court having affirmed a partnership, by which the plaintiff's action was defeated as to the receipts, erred in permitting a partnership indebtedness to be set-off against an individual debt due to the plaintiff by the defendant.

*Appeal from Johnson Circuit Court.*

Hon. J. J. GREEN, Circuit Judge.

WILLIAMS & MARTIN, for the appellant.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Besides the note set forth in the first count of the declaration, which was a good cause of action against Brown, the defendant below, Houston, who is now the appellant, and was plaintiff in the Circuit Court, counted upon the following writing:

"$700 00.                          CINCINNATI, May —, 1854.

Received of John S. Houston, three hundred dollars, which is placed to my credit with Smith & Graham, for the payment of one saw mill, shingle machine, etc. Rec'd also, at the same time and place, four hundred dollars, which is placed to the credit of our account with J. Burrows & Co., as first payment on the engine.

"$300 00. Rec'd, Clarksville, Aug. 31st, 1854, of said Houston, again, three hundred dollars, being his part of a payment

of six hundred dollars, made by me to said Burrows & Co., balance due on said engine.

                                        R. H. BROWN."

A recovery upon this writing was resisted on the ground that the moneys mentioned were advanced by Brown upon a partnership enterprise in which he and the plaintiff were interested. And it seems to us, that the receipts are not such acknowledgments of money had and received by Brown, as to make him liable to refund the money without a settlement of the joint interests therein alluded to and implied. The verbal testimony that is brought into the case, in no way clears up the doubt upon Brown's liability to Houston in this action. It is plain that a joint enterprise or partnership was begun by the parties to this suit, though the evidence is uncertain as to its terms, and is confused and conflicting as to its continuance. Sometimes Houston spoke of the property as belonging to him and Brown; its possible and actual losses as matters of personal interest; and at other times of only having money invested in the mills which he was anxious to withdraw, and to have nothing to do with the business; while the proof also shows that the mill had been put on Brown's land; that the expenses of its running had been defrayed by him, and that its proceeds had been appropriated by him. Houston, also, is shown to have had access to the books of the mill; to have examined them, yet Brown, in setting off against Houston in this suit the meal and flour he had received from the mill, has acted very inconsistently with his defence.

From the perplexing and unsatisfactory nature of the testimony, we do not say, as we are not called upon to do so, that at the time of the institution of this suit, there was an existing or an unsettled partnership, or joint ownership between the parties, although we believe that to be the better opinion, but we are well satisfied that Houston has not made the contrary to appear, which it was evidently necessary for him to do after the production of such an instrument as the series of receipts signed by Brown.

· Houston ought not then to recover in this action, except on the note given to J. Palmer & Co., and assigned to him, and that was allowed him by the Circuit Court. The bill of exceptions states that Brown proved an off-set in which was included the sum of twenty dollars for flour and meal got by Houston from the mill. By disallowing Houston's claim for the thousand dollars expressed in the receipts of Brown, the court affirmed the existence of the partnership, for which Brown contended. And also denied it by allowing to Brown this set-off of meal and flour. We think the action of the court was right upon the main defence of Brown, and wrong in permitting the twenty dollars to be included in the set-off. Houston must not be denied the right of an individual creditor of Brown by the defeat of his action, and be charged as a debtor for the use of the proceeds of the mill.

The verdict of the Circuit Court should be reduced by twenty dollars, the reduction to bear the date of the judgment, and if a remittitur shall be entered here to that effect, the judgment of the Circuit Court will be affirmed, but otherwise it will be reversed.

No other question worthy to be considered arises upon the record, although it is confused with a declaration of eleven counts, with tedious subsequent pleadings, and with numerous propositions which the court was asked to declare to be the law of the case.