WESTERN COAL & MINING COMPANY *v.* HOLLENBECK.

Opinion delivered December 12, 1903.

1.  SET-OFF—MUTUALITY.—A partner cannot make use of a partnership demand as a set-off against a demand against himself individually. (Page 46.)

2.  SAME—HOW OBJECTION RAISED.—The objection that a set-off claimed is not mutual need not be raised by the pleadings, but may be raised by exception to the evidence by which it is sought to be proved. (Page 47.)

3.  SAME—BURDEN OF PROOF.—The burden is on the defendant alleging a set-off to sustain the same, and to show that it is a debt owing to him in his individual right by the plaintiff. (Page 47.)

Appeal from Sebastian Circuit Court in Chancery.

STYLES T. ROWE, Judge.

Reversed.

*Ira D. Oglesby,* for appellant.

To authorize set-off, debts must be mutual. 27 Ark. 478; 23 Ark. 333; 7 Ark. 333; 7 Ark. 520. It was error to allow an individual indebtedness to be set-off against a firm indebtedness. The evidence does not sustain the theory that appellee owned the claim, or that appellant was indebted to appellee.

*T. B. Pryor,* for appellee.

Appellant failed to except to Hollenbeck's deposition, as required by law. Sand. & H. Dig., § 3011. By going to trial without objection, any question of parties was waived. *Cf.* 46 Ark. 420. The debt was shown to be valid. 2 Ark. 370. The decree and findings of the chancellor will not be disturbed unless clearly against the evidence. 44 Ark. 217; 40 Ark. 144; 60 Ark. 250.

BUNN, C. J. This is a suit on account by the Western Coal & Mining Company against E. A. Hollenbeck in the circuit court of the Greenwood district of Sebastian county originally, and on change of venue to the Fort Smith district of said county.

The defendant answered, presenting set-offs, and asked that the cause be transferred to the chancery docket, which was accordingly done. On the hearing, it was, in effect, admitted that the sum of $855.45 was owing to the plaintiff, and that the defendant was entitled to set-offs amounting to the sum of $350.54, plus $25 (the rent of the Hunt place) = $375.54, leaving a balance in favor of plaintiff amounting to the sum of $484.91.

But three of the items of defendant's set-off are controverted by the plaintiff, to-wit: $18 for due bill, one for $360 for three years' feeding of horse, and third, for $360 for three years' feeding of mare.

There is not sufficient evidence to sustain the $18 item, nor even to explain what the same is for. It seems not to have been considered.

The chancellor rendered the following decree: "It is therefore considered, ordered, adjudged and decreed by the court that the defendant, E. A. Hollenbeck, do have and recover of and from the plaintiff, the Western Coal & Mining Company, the sum of $134.10, and all his costs laid out and expended, together with six per cent. per annum from date of judgment, for which execution may issue. To which finding and judgment of the court the plaintiff at the time excepted, and prayed an appeal to the supreme court, which was granted."

It appears from the record that for a period of five or six years, beginning in 1892, the defendant was in the employ of plaintiff company as outside foreman, whatever that may mean, and that during that time the defendant, with one A. T. Douglass, under the firm name and style of Hollenbeck & Douglass, was conducting a livery stable business, occupying a livery stable building and grounds belonging to the plaintiff, paying no rent therefor; that, during a portion of the time, a horse of plaintiff was kept in said livery stable, without anything being said as to the payment therefor or how much; that during a portion of the time a mare belonging to plaintiff was kept in said stable. These horses were used by the defendant, but it is not definitely shown whether when he was acting for himself, or in the employment of plaintiff or both.

The plaintiff's contention on the trial was that there was no charge to be made for feeding the horses, that the occupation of

the stable property by Hollenbeck & Douglass without charge was the consideration; and this is supported by the evidence to the effect that during all that time no entry of the matter was made on the books of Hollenbeck & Douglass, or their successors, nor by Hollenbeck himself, and no demand for these items was ever made. On the other hand, the defendant contends and testifies that this transaction as to the care of the two horses was a private matter between himself and the plaintiff company, and in support of this he testifies to a transaction between himself and a Mr. Seely, manager for the plaintiff, in which at one time, on his suggestion that he ought in justice to have pay for the feed of one of the horses (there being only one at the time), Mr. Seely assented in a way to his demand; and Seely, in his testimony, referring to the same conversation between them, says that he simply told Hollenbeck at the time that he might make out and present an account at the rate of $3 or $4 per month for such feed, and that no such account was ever presented to him. The defendant also contends and testifies that the company paid him the sum of $20 on two different occasions, and that it was in part for the amount due him on these items of set-off, while the plaintiff contends that the sums were advanced to him on account.

There is no sufficient proof that the board of the two horses was an individual transaction between Hollenbeck and the plaintiff, nor was there any transfer of these items of account to Hollenbeck by Hollenbeck & Douglass. It appears that Hollenbeck sold out all his interest in the firm of Hollenbeck & Douglass to Jamison & Douglass, reserving nothing, and that the latter firm became the owner of all the accounts of Hollenbeck & Douglass, and that subsequently Jamison & Douglass sold all the said livery stable property and business, including notes and accounts, etc, to another party, and that the account for the feed of these horses, if a valid account at all, was never the individual property of Hollenbeck, and that the same was never claimed by him, as against the plaintiff, until the pendency of this suit.

It is a well-settled principle of law that one partner cannot make use of a partnership demand as a set-off against a demand against himself individually. Set-offs must be of mutual demands. *Woodruff* v. *State*, 7 Ark. 333; *Menifee* v. *Ball*, 7 Ark. 520; *Houston* v. *Brown*, 23 Ark. 333; *Collier* v. *Dyer*, 27 Ark. 478.

It is objected by the appellee that this question was not raised in the pleadings. In answer to this objection, it may be said that a question like this is not necessarily raised in the pleadings because it depends upon the evidence altogether for its solution. It can be properly raised, therefore, only on objection to the admissibility of testimony. This was done by the plaintiff in the trial court, although it may be said the exception was not made with such directness and particularity of form as may have been the best, since the objection was in general terms; that is, "for irrelevancy" and for other reasons, and on other grounds. But, aside from this, this is a chancery case; the evidence was taken by depositions. In such cases the depositions, properly filed, become part of the record. There is no need of a bill of exceptions, because the chancellor has the whole record before him, and all legal issues are raised thereby for his consideration. *Lemay* v. *Johnson,* 35 Ark. 225.

The burden was on defendant to sustain his set-off, and also to show that the set-off pleaded was a debt owing to him in his individual right by the plaintiff, and this, we think, he has failed to do sufficiently to authorize a judgment thereon in his favor. For this reason the decree is reversed, and the cause remanded, with directions to enter decree in accordance herewith.