WRIGHT v. DAVIS.

4-4824

Opinion delivered December 20, 1937.

W. O. Young, for appellants.
Williams & Williams, for appellee.

HUMPHREYS, J. This suit was brought by appellee in the chancery court of Benton county against appellants to cancel a contract for the sale and purchase of timber on the south half of the northeast quarter of section 12 in township 17 north, range 32 west, in said county, which was entered into between appellee and appellant, E. D. Wright, on the 14th day of December, 1934, alleging a breach of the contract by E. D. Wright; and to cancel a tax deed obtained by appellant, M. I. Wright, from the state of Arkansas on November 27, 1935, for the nonpayment of the taxes for the year 1920, alleging that the tax deed was void for the reason that the taxes assessed against said land for the year 1920 was not extended upon the record as required by law.

Appellants filed separate answers, denying the allegations contained in the complaint.

The cause was submitted to the court upon the pleadings and testimony adduced by the respective parties resulting in a decree canceling the timber contract and the tax deed, and enjoined appellants from entering upon the land or interfering with appellee in her possession thereof.

The record reflects that appellee was the owner of said land; that she sold the timber thereon to appellant, who was to pay her $2.50 per thousand therefor as he cut it; that a controversy arose between them as to the amount of timber he had cut and whether he had paid

her the correct amount due therefor, and, growing out of this controversy, a new contract was entered into between them whereby he was to pay her $25 and $2.50 per thousand for the timber he should cut in the future. According to the weight of the evidence, he only paid her $5 in cash and purchased for her less than $5 worth of groceries. He continued to cut timber and, according to the weight of the evidence, he cut and removed from the land altogether about 50,000 feet, and cut and left on the land 10,000 or 12,000 feet. According to the written instrument the contract was not to expire until 1940. The weight of the evidence reflects that he agreed at the time the second contract was entered into to pay all the taxes due upon said land and to become due during the continuation of the contract. During the time he was cutting timber under the contract it was discovered that the land had been forfeited for taxes for the year 1920. M. I. Wright, wife of E. D. Wright, knowing of the existence of the timber contract, by and with E. D. Wright's permission, purchased the land from the state, paying $90 therefor, out of money she claimed to have earned herself. After purchasing this state deed, E. D. Wright claimed to be the owner of the land and demanded possession thereof from her tenant. He tore down some of the fences and ran over the crop and finally made it so disagreeable for the tenant that he succeeded in buying him out for $10. Appellee then rented the land to another tenant whom the Wrights induced to move off the land. During this scramble for the possession of the land this suit was instituted. There is testimony in the record tending to show that appellee was in bad health, weak and nervous and was very feeble in mind at the time she made the second timber contract and also testimony to the effect that E. D. Wright threatened her life unless she made the second contract. The record of the assessments and the extension of taxes against real property in Benton county, Arkansas, for the year 1920 was introduced in evidence and a copy thereof appears in the record. The state and county taxes were not extended against this property, and the total taxes against it were not shown, hence the tax forfeiture and the sale thereof were absolutely void and

the state acquired no title to it, and had no title to sell. There is evidence to the effect that the state confirmed its supposed title thereto under act 296 of the Acts of the General Assembly of 1929. The state acquired nothing by virtue of this confirmation because the confirmation decree only cured irregularities in connection with the assessment and sale of the land and did not cure jurisdictional defects such as the failure to extend the taxes against said land. There is ample inferential testimony in the record tending to show that E. D. Wright and his wife, M. I. Wright, connived together to purchase the land from the state in order to defraud appellee out of her real estate and at a time when E. D. Wright had a timber lease thereon from her and that E. D. Wright resorted to high-handed methods in an effort to oust appellee from the possession thereof. There can be no question under the evidence in this case that he breached his timber contract and that he cut and destroyed more timber on the land than was paid to the state of Arkansas for the tax deed.

The decree of the chancery court is affirmed.