WRIGHT *v.* CURRY.

4-7656                                   187 S. W. 2d 880

Opinion delivered May 28, 1945.

*Claude Duty,* for appellant.

*Lee Seamster,* for appellee.

McFADDIN, J.   This appeal involves the title to eighty acres of land in Benton county, described as the S½ NE¼ section 12, Twp. 17 N., R. 32 W.   Appellant was the plaintiff in the court below.   On January 26, 1943, he filed against appellees an action in ejectment, claiming the land by virtue of a deed from the State of Arkansas dated January 4, 1943.   The State's title was based on an alleged forfeiture for the nonpayment of taxes for 1935, and a subsequent confirmation proceeding under Act 119 of 1935 and amendatory acts.

Appellee claimed title by mesne conveyances from Mrs. Oatie Davis, who was the owner when the property was alleged to have forfeited for 1935 taxes.   The deed from Mrs. Davis to her grantee, as well as each succeeding conveyance in the chain of title to the appellee, contained a covenant of general warranty.   Appellee, among other defenses, pleaded that the deed from the State to the appellant in 1943 was, in effect, a redemption for the 1935 taxes, because—as appellee alleged—appellant was bound by contract with Mrs. Oatie Davis to pay the 1935 taxes.

The cause was transferred to the chancery court where appellee, in elaboration of this last mentioned defense, pleaded that on December 14, 1934, appellant en-

tered into a contract with Mrs. Davis whereby appellant would straighten up delinquent taxes, and pay all taxes until 1940, and to do other things, in consideration of the right to cut certain timber from the land. Appellee also pleaded that the liability of appellant to pay the taxes had been judicially determined by the chancery court, and also the Supreme Court, in the case of *Wright* v. *Davis*, 195 Ark. 292, 111 S. W. 2d 565. That case was No. 8101 in the chancery court and No. 4-4824 in this court.

The present case is No. 65-A in the chancery court. To avoid, in this case No. 65-A, the effects of the decree in case No. 8101, the appellant filed, in 1943, a motion in case No. 8101, praying for an order *nunc pro tunc* to expunge from the chancery decree in case No. 8101 any statement or finding therein to the effect that the appellant was under any duty to pay the taxes. Appellant asserted in the said motion that there was no evidence in the record, in case No. 8101, to justify or support any finding in the decree that appellant had ever agreed to pay any taxes; and appellant claimed that the language in the decree, regarding taxes, was a clerical misprision.

The motion for order *nunc pro tunc* in case No. 8101 was consolidated with the case No. 65-A; and a hearing on the consolidated cases resulted in a decree (1) refusing the motion for order *nunc pro tunc* in case No. 8101; and (2) finding for appellee on the merits in case No. 65-A. This appeal challenges the correctness of the ruling of the chancery court on each of these points.

I. *The Refusal of the Chancery Court to Enter a Nunc Pro Tunc Order in Case No. 8101.* At the outset it is well to have a clear conception of the purpose and scope of a motion for order *nunc pro tunc*. Such a motion is not to re-try the issues presented originally, but to make the record speak *now* what was done *then*. In 34 C. J. 76, the rule is stated:

"Correcting Clerical Errors. In the exercise of the court's inherent power to correct its own records so as to make them speak the truth, if a judgment has been irregularly entered, or fails to contain all that is essential

to it, or to express the true sentence of the court, in consequence of clerical errors or omissions, it may be completed by an order *nunc pro tunc*, or may be set aside and the true and correct judgment entered *nunc pro tunc*."

In *Henderson* v. *Freeman*, 205 Ark. 856, 171 S. W. 2d 66, we held that a court could by *nunc pro tunc* expunge from the record a decree appearing of record, but which was never, in fact, made by the court. But even so, the rule is that if the decree *as actually rendered* contained the matter sought to be expunged, then the motion must be refused. This is stated in 34 C. J. 77:

"The power to order the entry of judgments *nunc pro tunc* cannot be used for the purpose of correcting errors or omissions of the court. This procedure cannot be employed . . . to change the judgment actually rendered to one which it neither rendered nor intended to render, or where the fault in the original judgment is that it is wrong as a matter of law, or to allow the court to review and reverse its action in respect to what it formerly refused to do or assent to."

Some of our more recent cases on *nunc pro tunc* are *Bridwell* v. *Davis*, 206 Ark. 445, 175 S. W. 2d 992; *Mitchell* v. *Federal Land Bank*, 206 Ark. 253, 174 S. W. 2d 671; and *Brooks* v. *Baker*, *ante*, p. _____, 187 S. W. 2d 169.

A short review of this case No. 8101 may be helpful. On May 21, 1936, Mrs. Oatie Davis sued E. D. Wright (the present appellant) and M. I. Wright, his wife, concerning the same land now involved in case No. 65-A. Mrs. Davis, *inter alia*, alleged in case No. 8101:

"Petitioner for her second cause of action against the defendants, E. D. Wright and M. I. Wright, states that defendant E. D. Wright agreed with petitioner as a part of the consideration of the contract above set out in petitioner's first cause of action that he would pay the taxes due and to become due upon said lands until 1940, and petitioner is informed that he failed and refused to comply with this agreement and allowed said lands to be sold to the State of Arkansas for the nonpayment of taxes in 1920; that after the signing of said contract and

while in possession of said lands thereunder defendant E. D. Wright fraudulently and unlawfully purchased said lands from the State of Arkansas on the twenty-seventh day of November, 1935, receiving a tax deed in the name of M. I. Wright, his wife, and that said title is void in these defendants, or either of them.''

After a trial, the Benton Chancery Court entered a decree in favor of Mrs. Oatie Davis in case No. 8101 on January 20, 1937, stating her contention substantially as quoted above, and finding ''the issues in favor of the plaintiff.'' E. D. Wright and M. I. Wright prosecuted an appeal to this court, and on December 20, 1937, in case No. 4-4824, this court affirmed the decree of the chancery court; and in the opinion of this court, Mr. Justice HUM-PHREYS said:

''According to the written instrument, the contract was not to expire until 1940. The weight of the evidence reflects that he (E. D. Wright) agreed at the time the second contract was entered into (December 14, 1934) to pay all the taxes due upon said land and to become due during the continuation of the contract.'' (Parenthetical material supplied now.)

*Wright* v. *Davis,* 195 Ark. 292, 111 S. W. 2d 565, is the case from which this quotation is copied. The appellants in that case seasonably filed a petition for rehearing, claiming several alleged errors of law and fact in the opinion of this court; but in none of these claims was there any suggestion that this court was in error in the item just quoted. The petition for rehearing was overruled on January 17, 1938.

It was to escape this obligation to pay taxes that E. D. Wright filed, in 1943, in the chancery court his motion for order *nunc pro tunc* to eliminate from the 1937 decree any reference to the obligation to pay taxes. There is some question as to whether this motion could be properly filed in the chancery court, since the Supreme Court definitely stated that the evidence showed that Wright was under the obligation to pay taxes. The motion for order *nunc pro tunc* in the chancery court might be con-

sidered as an attack on the opinion of this court, rendered on December 20, 1937. That point was discussed in the recent case of *Holthoff* v. *State Bank & Trust Co., ante,* p. 307, 186 S. W. 2d 162.

We prefer, however, to rest our decision, now, on the facts (1) that the chancery court, in case No. 8101, actually found that there was the obligation on Wright to pay the taxes; and (2) that this court, in case No. 4-4824, in affirming the chancery court, made a specific finding about the obligation to pay taxes. Thus, there was no clerical misprision, in including in the original decree in No. 8101, the finding about the obligation to pay taxes. In the absence of a clerical misprision, the relief by an order *nunc pro tunc* could not be invoked.

On the motion for order *nunc pro tunc* the burden was on the movant (appellant Wright) to show, by evidence clear, decisive and unequivocal that a clerical error had been made in the entry of the original decree before the chancery court would be justified in granting the motion. See cases cited, *supra,* in this section. Not only did the evidence fail to meet that test: it affirmatively showed that the chancery court *did* render the decree in case No. 8101 just as it appears of record. Therefore the chancery court was correct in refusing the motion for order *nunc pro tunc.*

II. *The Decree in Case No. 65-A Finding for the Appellee.* With the motion for order *nunc pro tunc* refused, the evidence in case No. 65-A shows that the appellant Wright was under the obligation to pay the taxes on this land for the year 1935. It will be observed that at the time of the decree of the chancery court in No. 8101 (January 20, 1937) the time for paying the 1935 taxes had expired. Certainly, E. D. Wright, in defending the chancery case, was obligated to fulfill his obligation to pay the taxes that were due and payable previous to the time his contract was cancelled by court order. So, he was clearly under obligation to pay the 1935 taxes due and payable in 1936. This he failed to do. Instead, he allowed the land to forfeit for taxes, and now claims under a deed based on the forfeiture for 1935 taxes. The law is well

settled that a person under obligation to pay the taxes cannot let the land forfeit for taxes and acquire any title based on that forfeiture. The subsequent attempt to acquire title will be treated as a redemption. See *Deaner v. Gwaltney*, 194 Ark. 332, 108 S. W. 2d 600; *Roberts v. Miller*, 173 Ark. 38, 291 S. W. 814; *Patterson v. Miller*, 154 Ark. 124, 241 S. W. 875; and Jones on "Arkansas Titles," § 1299. When Wright acquired the deed in January, 1943, based on the 1935 tax forfeiture, he in effect redeemed the land for Mrs. Davis; and her warranty to her grantee and the warranties in the chain of title inure to the benefit of the appellee in this case. It follows, therefore, that the chancery court was correct in its decree in case No. 65-A.

Therefore, the decree of the chancery court is, in all things, affirmed.