SMITH *v.* SMITH.

4-7894                                  195 S. W. 2d 45

Opinion delivered June 17, 1946.

252

*Ben E. McFerrin,* for appellant.

*Len Jones,* for appellee.

GRIFFIN SMITH, Chief Justice. D. L. Smith died in September, 1931. Surviving sons were W. L., Jesse, Benton, and Edward. There were two living daughters; Clemmy Morris and Bertie Jackson. C. L. Smith, who is a party to this litigation by representation, is the minor son of Benton Smith and his wife, Laura. Laura also appears as one of the appellees.

It is conceded that when D. L. Smith died he owned two eighty-acre tracts, two forty-acre tracts, a more productive area containing 110 acres, and a third interest in seventy-eight acres. D. L. and Benton were operating a store. Buildings and lot occupied four and a half acres. Appellant W. L. Smith, who was plaintiff below, brought suit in February, 1945. There were subsequent amendments and interventions.

Effect of the procedure was to demand an accounting, and partition. This in part was decreed, but the Court sustained contentions by Benton, his wife, and their son, that land had been acquired by them through tax pur-

chases. The defendants (appellees here) agreed that as to the four-and-a-half-acre. tract, one hundred and twenty acres, and the seventy-eight acres heretofore mentioned, no interest was claimed except through inheritance. The stipulation's concluding paragraph is: "The only question[s] [relate] to the deeds to Mrs. [Laura] Smith (80 acres); C. L. Smith, (40 acres) and Benton Smith (110 acres)."

While testimony is far from satisfactory—due in part to the fact that appellant undertook to prove certain facts by some of the appellees—none of the statements by interested litigants can be regarded as uncontradicted. Benton contends that he acquired 110 acres through purchase. This land (one description covering 80 acres, the other 30) was offered for sale by the Collector in June, 1931. It was "struck off" for $12.46, ostensibly to a third party. The certificate so acquired was assigned to Smith February 11, 1932. July 15, 1933, the Clerk issued a deed to Smith.

Eighty acres forfeited in 1932. The State's deed of February 11, 1944, was executed in favor of Mrs. [Laura] B. Smith, for a consideration of $129.

Forty acres delinquent for 1930 taxes went to G. L. Smith under the State deed of March 12, 1945, for $65.

Benton testified that when D. L. Smith died each of them (D. L. and Benton) owned a half interest in the stock of merchandise, "and in the mercantile business." Benton explained that there were debts, but he was vague regarding them, and does not appear to have made any accounting. When asked on cross-examination if his father did not own forty-three head of cattle, the answer was, "I don't know." In response to the question, "Don't you think you could have raised $12.46 to redeem [the 110 acres of land]," the witness said, "I didn't feel like it was to my interest."

When the decree went largely against appellant he filed what was designated a motion for a new trial. It contained affidavits and a tender of records not previously offered.

As Mr. Justice WOOD said in *Bradley* v. *Holliman*, 134 Ark. 588, 202 S. W. 469, where a [chancery] cause is heard upon testimony *ore tenus*, and taken down in shorthand by a stenographer, and on the Court's direction is reduced to writing, [statements thus made become] a part of the record and [are to be] treated as depositions taken in the regular way. In such cases motion for a new trial and bill of exceptions are not necessary "to present to this Court the issues of fact that were passed upon by the trial court." *LeMay* v. *Johnson*, 35 Ark. 225; *Western Coal & Mining Co.* v. *Hollenbeck*, 72 Ark. 44, 80 S. W. 145.

Although appellant's proffered proof was not appropriate for the purpose expressed, it might have been treated as a motion to reopen the cause and to take additional testimony. Ordinarily this is within the Court's discretion. We think, however, that in the case at bar Benton, Laura, and G. L. Smith were too intimately identified with the D. L. Smith estate to make personal purchases in the manner shown. Redemption by one tenant in common or one of several cotenants inures to the benefit of all, in the absence of special circumstances or waiver. Effect of *Spikes* v. *Beloate*, 206 Ark. 344, 175 S. W. 2d 579, is that a tenant in common cannot strengthen his interest by bidding in the entire property at a tax sale, or by purchasing it from a stranger who has bought at such sale. These acts amount to no more than redemption. This confers no right upon the purchaser except to justify a demand that contribution be made by other tenants.

The rule is that one in possession enjoying the rents and profits, cannot acquire title by permitting property to sell for taxes and then buying at the sale. *Zimmerman* v. *Franklin County Savings Bank & Trust Co.*, 194 Ark. 554, 108 S. W. 2d 1074; *Wright* v. *Davis*, 195 Ark. 292, 111 S. W. 2d 565; *Smith* v. *Davis*, 200 Ark. 147, 179 S. W. 2d 657. There are, of course, many other cases to the same effect.

In respect of the disputed land the attempts to purchase were ineffective. The Court should have decreed cancellation of the questioned deeds, allowing *pro rata*

reimbursement of the money necessarily expended in the common cause. There was sufficient evidence to sustain the Chancellor's holding that the property was not susceptible of division in kind, hence a sale is necessary.

Reversed, with directions to enter a decree not inconsistent with this opinion. All costs will be apportioned against the parties according to their interests.