# Mary Aline O'DELL v. Claud D. O'DELL

5-5057 447 S. W. 2d 330

Opinion delivered November 17, 1969

*N. M. Norton,* for appellant.

*Fletcher Long Jr.,* for appellee.

John A. Fogleman, Justice. The question involved in this appeal is whether a letter written by the chan-

cellor constituted a decree, so that the court could not change the terms thereof after the expiration of the term during which the letter was written. The chancellor, Judge George Eldridge, heard this divorce proceeding, the third in a series involving the same parties, on July 5, 1968. On the following day he directed the following letter to the attorneys then representing the respective parties:

> "In connection with the testimony heard this date in the above cause, the Court makes the following findings:
>
> 1. The plaintiff, Mary Aline O'Dell, has an inchoate right of dower and homestead in the 29 acres running along Kittel Road, including the acre on which the house is located, and this will be converted in the decree to a tenancy in common. Plaintiff will be given the right to occupy the homestead with the minor children of the parties.
>
> 2. The parties to this action now own as an estate by the entirety the lands on East Broadway on which are located both the filling station and the studio.
>
> 3. The Court does not find that either is the guilty party in this action.
>
> The plaintiff will be granted a decree of divorce from the defendant, and the decree will incorporate the above findings. The decree will also require that the defendant make the monthly payment to the Veterans Administration and will make to the plaintiff bi-monthly payments, in two equal payments, beginning July 15, 1968, of the following sums: $150.00 child support for each of the children of the parties, and $150.00 per month alimony. Out of these payments the plaintiff will pay all utilities, automobile expenses and all other living expenses.

The attorney for the plaintiff will be allowed a fee of $250.00, costs of this action to be borne by the defendant.

The decree will provide also that the plaintiff will provide major medical hospitalization insurance for the minor children.

All household furnishings in the residence will go to the plaintiff, and all professional equipment in the studio will go to the defendant.

The defendant will be allowed to take the children as dependents on his federal income tax return. Reasonable visitation rights will be provided. Mr. Long will prepare the decree, submit it to Mr. Patton for his approval as to form, and to me for my signature.''

When the attorneys failed to present a precedent for a decree, Judge Eldridge, without hearing further evidence, prepared and filed the following decree on November 8:

> ''On this 5th day of July, 1968, this cause comes on to be heard upon the complaint and amendment thereto, the answer of the defendant, and this being the date regularly set for the trial, the parties are present in person, and the plaintiff by her attorney, Jim Patton, and the defendant by his attorney, Fletcher Long. Upon consideration of the record herein, including the testimony of witnesses and exhibits thereto, the Court finds as follows:
>
> 1. (Omitted as not pertinent.)
>
> 2. The plaintiff is entitled to a decree of absolute divorce and other relief as stated herein on the ground of three years separation without cohabitation, and the Court fails to find any misconduct by either party against the other such as to entitle either party to a divorce save upon the ground of three years separation without cohabitation.

3. The defendant is the owner of the following described real estate: * * * (Description of 30-acre tract which included one acre upon which dwelling house was located omitted.)

4. The parties to this action own by the entireties the following described property in the City of Forrest City, St. Francis County, Arkansas. * * * (Description of property on East Broadway omitted.) The Court finds that it is to the best interest of the parties that said property be hereafter held as tenants in common, and that to order a sale of the same at this time would jeopardize defendant's ability to provide for the minor children and for the plaintiff, and if a partition is made and the property sold, this Court shall re-examine this decree as to the equities.

IT IS THEREFORE CONSIDERED, ORDERED AND DECREED that the plaintiff be and she hereby is granted a decree of absolute divorce from the defendant on the ground of three years separation without cohabitation, and without fault on the part of either party. The Court further orders the following as disposition of other property, custody, and property and maintenance rights of the parties respectively:

1. Plaintiff shall have custody of the minor children of the parties, subject to the defendant's right to reasonable visitation, and shall have a life estate to the one acre, more or less, described in Paragraph 3, the same being the property mortgaged to U. S. Veterans Administration. The defendant will make the installment payments to the holder of the mortgage on said property, said mortgage payments to include payment of taxes and insurance on improvements only.

2. The property described in Paragraph 3 of the

findings, less the described exemption is vested in the defendant free of any claims arising on account of dower and homestead in the plaintiff.

3. The property described in Paragraph 4 of the findings and formerly held by the entireties shall hereafter be held by the plaintiff and the defendant as equal tenants in common.

4. The defendant shall provide major medical and hospitalization insurance for the minor children by procuring a policy of insurance adequate for such purposes at his own expense.

5. The defendant will pay to the plaintiff the sum of $150.00 per month for each child for support and maintenance, in addition to the residence house provided for them heretofore set forth, and will pay to the plaintiff the sum of $150.00 per month alimony and support for her own use and benefit. Said payment shall be made in equal semi-monthly installments on the first and fifteenth of each month hereafter, the first said payment being due and payable July 15, 1968. Plaintiff shall have custody of said children and may not remove them from the Court's jurisdiction to reside without notice and hearing.

6. All household goods in the residence formerly occupied by the parties shall become the separate property of the plaintiff; all professional equipment and other property in the photographic studio occupied by the defendant shall be the sole and separate property of the defendant.

7. It is directed that the defendant will be permitted to enter the minor children of the parties as dependents on his Federal and State income tax returns.

8. The defendant will pay to plaintiff's attorney the sum of $250.00 attorney fees, and such Court costs as may have been incurred by the plaintiff.

9. Other than as stated herein, each party is forever foreclosed from any property right in the possessions or real estate of the other which may have arisen by reason of the marital relationship. The Court retains the jurisdiction of this cause for such further orders as may be necessary or desirable with respect to visitation right of the defendant, support payments for the minor children, and alimony for the plaintiff, and for such purposes as may be necessary to enforce the continuing portions of this order."

The letter was written during the June term of the St. Francis Chancery Court and the decree filed during the October term. On February 14, 1969, appellant filed her motion to set aside the November 8 decree, asserting that the letter of July 6 was a decree which could not be modified by the court's decree filed November 8 because of the expiration of the June term of court. This motion was denied by the present chancellor. This appeal was taken from the order of denial.

It seems to be undisputed that the home in which the parties and their children resided together is located upon one acre of a 30-acre tract, the title to which is vested in appellee, and that the parties owned property on which appellee (usually with the assistance of appellant) operated a photographic studio and on which a gasoline filling station had been erected.

It should be noted particularly that the letter simply states that the parties hold the commercial properties as an estate by the entirety, without any specific indication as to whether that estate shall be continued or dissolved. It should also be noted that the chancellor did not there attempt to point out how the inchoate right of dower and homestead in the 29 acres would be converted into a tenancy in common and did not state the undivided interest to be vested in appellant or the duration of the tenancy. Reasonable rights of visitation

of the children are not definitely fixed in either document, but jurisdiction is retained in the decree actually filed to make appropriate orders in that regard.

We held in *Thomas* v. *McElroy,* 243 Ark. 465, 420 S. W 2d 530, that opinions and findings of a court do not constitute a judgment or decree but merely form the basis upon which the judgment or decree is subsequently to be rendered. We also said that a judgment must specify clearly the relief granted or other determination of the action. We cannot say that the chancellor's letter met these requirements in that there are uncertainties at least as to dower and homestead rights, the disposition of the tenancy by the entirety and visitation rights.

We recognize the rule stated in cases such as *Chatfield* v. *Jarratt,* 108 Ark. 523, 158 S. W. 146; *American Inv. Co.* v. *Hill,* 173 Ark. 468, 292 S. W. 675; and *Piggott Junior Chamber of Commerce, Inc.* v. *Hollis,* 242 Ark. 205, 412 S. W. 2d 595, that there is a difference between pronouncement and entry of a judgment, the former being a judicial act and the latter a ministerial one. Those cases and others like them, such as *Wright* v. *Curry,* 208 Ark. 816, 187 S. W. 2d 880, recognize the rule that judgments not entered in a record book or noted on a docket are not void but may be entered nunc pro tunc, if it is clearly shown that the judgment of the court has been announced in open court or otherwise actually rendered. Here there is no indication that anything was done by the chancellor except to transmit his letter to the interested attorneys. This memorandum seems to have been written while the court was in vacation or recess and there is no indication that it was filed in the clerk's office. As pointed out by the present chancellor, the letter of July 6 contained no order of the court, but constituted only a directive to counsel for preparation of a proper decree for entry.

Appellant relies strongly upon our holding in *McConnell* v. *Bourland,* 175 Ark. 253, 299 S. W. 44. Unlike

this case, the trial judge there rendered judgment for the plaintiff for the amount sued for in a foreclosure suit and noted his action on the docket. He instructed the attorneys for the plaintiff to prepare a precedent; but when a dispute arose as to the rate of interest which applied, he refused to approve the precedent presented by plaintiff's attorney, saying that the mortgage would have to be reformed to show that it secured the notes sued on, rather than those described in the mortgage. An amended complaint was then filed by plaintiff, seeking reformation. We held that the court had no jurisdiction to set aside its original judgment after the expiration of the term during which it was rendered. We said, as we did in *Thomas* v. *McElroy, supra,* that strict formality in language is not required, and that a "judgment" is to be tested by substance not form. We also said that a judgment is sufficient if the entry thereof shows that the issues between the parties have been passed upon by the court and the merits of the case *finally* determined. It must, we said, finally dispose of the issues between the parties and finally settle and adjudicate all the rights in controversy. It was also stated that the entries made by the judge in that case specified clearly the relief granted, after it was noted that our statute requires that a judgment must do so. See Ark. Stat. Ann. § 29-116 (Repl. 1962); C. & M. Dig. § 6276. We said that once a decision was reached, announced by the court and sufficient memorandum made on the chancery docket, it was a final judgment. We do not feel that the chancellor's memorandum of findings here sufficiently specified "the relief granted, or other determination of the action" to constitute a final judgment.

The order of the trial court is affirmed.

Appellant moved for allowance of costs of appeal and attorney's fees thereon. After reviewing the record, the majority of the court feels that allowance should be made of costs of $163.15, enumerated in appellant's motion, plus the cost of printing her brief, but that no allowance be made for attorney's fees.