SALLIE JOHNSON *v.* C. H. JOHNSON ET AL

5-5517                                         465 S. W. 2d 309

Opinion delivered April 12, 1971
[Rehearing denied May 3, 1971.]

*F. C. Crow,* for appellant.

*Raffelli, Hawkins & Carter,* for appellees.

FRANK HOLT, Justice. This case involves the issue of a cotenancy. The appellees, some of the heirs of Jane Johnson who died intestate in 1919, brought this action against appellant and others in 1969 as cotenants

to partition 120 acres and to establish all of their respective interests. The appellant responded by asserting her ownership by virtue of a recorded deed in 1952 and also by adverse possession and asked that title be quieted in her. The chancellor found that the parties to this action are cotenants and ordered a partition of the lands.

At the time of Jane Johnson's death in 1919, two of her eleven children, Ralph and Fred Johnson, were living on the property and they continued to live there after her death. Several years later (1922), Ralph married Sallie and she moved onto the property with him. In 1926, while Ralph and Sallie were living on the property, the taxes were not paid and on June 13, 1927 a tax sale was held whereby C. F. Routon bought the property at the tax sale. Routon received a deed from the County Clerk of Hempstead County, Arkansas and recorded the deed on May 30, 1934. For the years 1927 through 1951, taxes ($302.69) on the 120 acres were paid by Routon, during which time Ralph and Sallie were his tenants. In 1952 Routon and wife conveyed by quitclaim deed their interest in the property for $500 to Ralph and Sallie Johnson. In 1954 Ralph and Sallie moved their residence to a nearby tract but continued to farm the 120 acres. In 1958 Ralph Johnson died. After his death, Sallie continued to either farm or rent the property and retained the profits for her sole benefit without interference from the other heirs until 1969 when this suit for partition was filed.

On appeal appellant asserts that the court erred in holding the 1952 deed from C. F. Routon and wife to Ralph and Sallie Johnson was a mere redemption for the benefit of all cotenants. We think the court was correct. It is well established that a tenant in common of land cannot acquire title to the interest of his cotenants by purchase at a tax sale nor by the purchase of the property from a third person who bought at the tax sale. *Findley* v. *Tyler*, 227 Ark. 663, 300 S. W. 2d 598 (1957); *Smith* v. *Smith*, 210 Ark. 251, 195 S. W. 2d 45 (1946); *Sanders* v. *Sanders*, 145 Ark. 188, 224 S. W. 732 (1920). Ralph and Sallie continued to remain

in possession of the property, without visible change to other members of the family or cotenants after the tax sale, throughout the entire time that Routon paid the taxes and also after the conveyance to them of the property by quitclaim deed. It appears that none of the other cotenants had reason to believe that a tax sale and subsequent conveyance to Ralph and Sallie had ever occurred. In fact, Sallie testified that the other cotenants were never notified that she and Ralph were occupying the lands as tenants of Routon because she thought she "had no right to tell them." The relationship between cotenants is one of trust and confidence and it would be inequitable to permit one of them to do anything which prejudiced the interest of the other.

Appellant also asserts ownership by adverse possession and asked that title be quieted in her. Ralph, until his death in 1958, and Sallie, to the present time, continued to use and possess the land after their purchase from Routon in 1952. In order for one cotenant to acquire the title of his cotenants by adverse possession, use and possession of the land alone is insufficient; there must be some act sufficient in itself to give notice that the cotenant in possession is claiming in hostility to and not in conformity with the rights of others having an interest in the property. The cotenant must bring home "to his cotenants the knowledge of his hostile claim, either directly or by acts so notorious and unequivocal that notice must be presumed." *McGuire* v. *Wallis*, 231 Ark. 506, 330 S. W. 2d 714 (1960). See, also, *Staggs* v. *Story*, 220 Ark. 823, 250 S. W. 2d 125 (1952); *Gibbs* v. *Pace*, 207 Ark. 199, 179 S. W. 2d 690 (1944). In order for appellant Sallie Johnson to establish ownership by adverse possession, where a family relationship exists, she must sustain the burden of proof of such possession and such proof must be by stronger evidence than that required in cases involving adverse possession against a stranger. *Staggs* v. *Story, supra.* There is a conflict in appellant's testimony concerning the year in which notice of the Routen deed was given the cotenants. On direct examination she testified to giving notice of the 1952 pur-

chase to one of the cotenants, Mrs. Wafer, about a year after Ralph Johnson's death in 1958. However, on cross-examination she replied: "Yes, sir" when asked, "In other words, it could have been five or six years ago that you told them you had the property in black and white." As previously indicated, she also stated that neither she nor her husband, prior to the Routon deed, gave their cotenants notice of being tenants of Routon as a result of the tax sale. She testified: "I told you I didn't claim the property until I got it in black and white" (1952 deed). The appellees adduced evidence that they were unaware of appellant's asserted claim of adverse possession until three or four years at the most before instituting this action. Since there was testimony showing that actual knowledge of the adverse holding was not timely brought home to the cotenants, the trial court could find that appellant Sallie Johnson failed to establish her claim of adverse possession by the required burden of proof.

Nor do we find any merit in appellant's contention that laches bars the claim of the cotenants, the appellees. Appellant Sallie Johnson was permitted to occupy and benefit from the use of the property without any accounting to the appellees. Any improvements made to the property appear to consist of the construction of a small barn and the expenditure of $40 for a fence. See *Vesper* v. *Woolsey*, 231 Ark. 782, 332 S. W. 2d 602 (1960).

As a subsidiary contention, appellant poses the question as to the correctness of the court's findings with respect to the purchasers of the interests. of two of the heirs. Upon a canvass of the entire record, we are of the view there is no merit in this contention.

After having considered each of appellant's contentions for reversal, we cannot say that the chancellor's findings are against the preponderance of the evidence.

Affirmed.