## MEYER v. SNELL.

Opinion delivered February 8, 1909.

1. SUIT TO QUIET TITLE—PLAINTIFF'S TITLE.—In suits to quiet title plaintiff must rely upon the strength of his own title, and not upon the weakness of his adversary's. (Page 299.)

2. SAME.—Where both parties to a suit to quiet title are claiming under tax sales which are shown to be void, neither of them is precluded from showing the invalidity of the other's title; and in such case the position of the defendant is superior. (Page 299.)

3. TAX TITLE—EFFECT OF REDEMPTION DEED.—The fact that the Commissioner of State Lands permitted plaintiff to redeem land claimed by him from a tax sale cannot be held to be an adjudication of his ownership of the land in litigation with another person. (Page 300.)

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* chancellor; reversed.

*J. C. Gillison,* for appellant.

1. Appellee can recover, if at all, only on the strength of his own title, and not upon the weakness of his adversary's. 37 Ark. 643; 74 Ark. 202; 74 Ark. 383; 77 Ark. 338; 82 Ark. 294.

2. If the conveyance from the State to the Memphis Land & Timber Company be treated as a redemption certificate, appellee has still failed to make out his case. That company is not shown to have had any interest in the land when it was redeemed, nor is it shown that redemption was made at the request or by consent of the true owner. A redemption made by one claiming to be the owner, but who in fact is not the owner, inures to the benefit of the owner. 29 Fed. 405; 7 Ia. 512; 19 Ia. 372; 58 Miss. 752; 65 Miss. 516.

*N. B. Scott,* for appellee.

McCULLOCH, C. J.     Appellee, Snell, instituted this action against appellant to quiet his alleged title to certain real estate and to cancel a tax deed held by appellant to the same land, which is alleged to be void. Appellee bases his claim of title on the sale of the land in 1882 to the State of Arkansas under a decree of the chancery court for overdue taxes and a redemption deed executed to him by the Commissioner of State Lands prior to the institution of this suit. There is a stipulation in the record showing an agreement between the parties to the effect that the overdue tax sale under which appellee claims was void "for the reason that said decree was rendered at an adjourned term of said court by a special chancellor, while the regular chancellor was holding a regular term of said court in another county in said chancery district."

Appellant claims title under a sale for taxes in the year 1900, which sale is now shown to be void on account of excessive levy of taxes. The appellee being the plaintiff in the action, he must rely upon the strength of his own title, and not upon the weakness of his adversary's title. *Lawrence* v. *Zimpleman,* 37 Ark. 643; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 383; *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338; *Little* v. *Williams,* 88 Ark. 37; *McDaniel* v. *Berger, ante,* p. 139.

Appellee claims that the deed from the State Land Commissioner to him, pursuant to the statute (Kirby's Digest, § § 4879-4884, inclusive), operated not merely as a redemption, but was a conveyance of the State's title to him. Even if this effect be accorded to the deed, the agreed statement of facts shows that the State had no title, for the tax sale under which

it held was void. Inasmuch as both parties were claiming title under tax sales which are shown to have been in fact void, neither of them is precluded from showing the invalidity of the other's title. *Rhea* v. *McWilliams,* 73 Ark. 557.

When both are invalid, the position of the defendant is superior to that of the plaintiff, because of the fact that the plaintiff, being compelled to rely upon the strength of his own title, must fail unless he establishes its validity.

Nor can we sustain appellee's contention that the State's redemption deed to him established the fact that he was the true owner of the land. The most that can be said of this is that the action of the Commissioner of State Lands in allowing him to redeem and executing a deed to him establishes merely his right to redeem from the tax sale; but it cannot be held to be an adjudication of his ownership of the land in litigation with another person.

It follows from what we have said that appellee failed to make out his title to the land, and the decree of the chancellor was therefore erroneous.

Reversed and remanded with directions to dismiss the complaint for want of equity.

FRAUENTHAL, J., not participating.