BULLOCK v. DUERSON.

Opinion delivered June 20, 1910.

1. CLOUDS UPON TITLES—PLAINTIFF'S TITLE.—In suits to quiet title the plaintiff must succeed, if at all, upon the strength of his own title, and not upon the weakness of his adversary's, and the burden is upon him to show title. (Page 447.)

2. TAXATION—CLERK'S DEED—PRESUMPTION.—A tax deed executed by the clerk, under Acts 1868, p. 280, § 70, is *prima facie* evidence of a good and valid title in the grantee. (Page 448.)

3. SAME—TAX SALE FOR TAXES OF SEVERAL YEARS.—Where land is sold for the taxes of several years, it should be sold for the taxes of all the years at one time, and not in separate sales. (Page 448.)

Appeal from Chicot Chancery Court; *Zachariah T. Wood*, Chancellor; reversed in part.

*Baldy Vinson*, for appellants.

The demurrer should have been sustained. 36 Ark. 456; 65 Ark. 610. The action should have been dismissed for want of affidavit of tender. 23 Ark. 644. Even if the tax deed had been void, two years' possession thereunder would render title good. 79 Ark. 364. And the purchaser is not liable for rent until redemption is effected or tendered. 52 Ark. 132.

*June P. Wooten* and *G. E. Snell*, for appellee.

The existence of a corporation, once formed, can be questioned only by the State in a direct proceeding for that purpose. 47 Ark. 269; 43 Ark. 120. Tender of taxes was waived. 64 Ark. 150. The tax sale was void. 55 Ark. 218; 68 Ark. 248; 61 Ark. 36; 70 Ark. 328.

BATTLE, J. On the 14th day of July, 1902, J. B. Duerson, Pauline Duerson and Henry Dittmer commenced a suit in the Chicot Chancery Court against Kit Bullock and Harrison McGehee to quiet title to the northeast quarter of section five, township fourteen south, range two west, in Chicot County, in this State, alleging that they are the owners of the land, and that the defendants are in possession of a part of it, and that the remainder is wild and unoccupied, and that the defendants are trespassers and own no part thereof.

The defendants answered, and, in part, said: "That they have expended in improvements on said land $2,500 each, under purchase by them from A. S. Caldwell, who purchased from W.

B. Streett, who purchased the same from the collector of Chicot County at a sale had for nonpayment of taxes for the year 1868, and received a deed therefor; that they went in possession of same under such purchase from W. B. Streett in the spring of 1906, and have continuously resided thereon since said date, and that plaintiffs have not been seized or possessed of said lands for more than two years next before the institution of this suit."

On the 13th day of September, 1869, William B. Streett purchased the lands in controversy at a sale of the same for the taxes of 1868. On the third day of January, 1898, Streett agreed in writing to sell the west half of the land in controversy to the defendants, and they paid him $75, and executed their promissory notes to him for the remainder of the purchase money, and Streett bound himself to convey to them the land sold upon payment of the notes.

Wm. B. Streett received no deed, in his lifetime, for the land purchased at tax sale. He died, and his heirs filed an affidavit with the county clerk of Chicot County to the effect that the certificate of purchase of lands at tax sale, executed to Wm. B. Streett, had been lost and could not be produced, and the county clerk on the 6th day of February, 1900, by deed conveyed the lands in controversy to such heirs. On the 27th day of August, 1900, Julia R. Streett, the widow, and W. R. Streett and W. G. Streett, the heirs of Wm. B. Streett, deceased, sold and conveyed to James Haggart and William McMaster all their interest and estate in the lands.

On the 9th day of January, 1906, the Alliance Trust Company, Limited, sold and conveyed the north half of the land in controversy to the defendant, Kit Bullock, and on the 25th day of January, 1906, sold and conveyed the south half of the same tract to the defendant, Harrison McGehee. We do not find in the record that Haggart and McMaster ever sold or conveyed the interest in the land conveyed to them by Julia, W. R. and W. G. Streett, and that the Alliance Trust Company, Limited, acquired any interest in the same.

The defendants took possession of the west half of the land in controversy immediately after purchasing it from Wm. B. Streett, and at all times since then have held open and adverse possession thereof.

The lands were sold on the 15th day of May, 1876, for the taxes and costs due thereon for the years 1873, 1874 and 1875. The record of such sale shows that the land was valued for each of the years 1874 and 1875 at $154, and that the county tax and penalty assessed against the land for each of such years was $1.54, and that the land was forfeited to the State of Arkansas. Such forfeiture was set aside by the Chicot Chancery Court on the 28th day of January, 1882, in a proceeding lawfully instituted under what is known as the "overdue tax act."

The chancery court, upon hearing, found that the defendants acquired title to the west half of the land in controversy by adverse possession, and dismissed plaintiff's complaint as to that part for want of equity; and found the tax sale of 1868 was void, and quieted plaintiff's title to the east half of the land as against the defendants; and both parties appealed.

It has been repeatedly held by this court that "in suits to quiet title the plaintiff must succeed, if at all, as in actions of ejectment, upon the strength of his own title, and can not rely upon the weakness of his adversary's, and the burden is upon him to show title." *Lawrence* v. *Zimpleman*, 37 Ark. 644, 647; *Kelley* v. *Laconia Levee District*, 74 Ark. 202; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton*, 74 Ark. 387; *Chapman & Dewey Land Co.* v. *Bigelow*, 77 Ark. 338, 346; *Mason* v. *Gates*, 82 Ark. 294, 301; *Little* v. *Williams*, 88 Ark. 37; *McMillan* v. *Morgan*, 90 Ark. 190; *Sibly* v. *England*, 90 Ark. 420, 423.

The land was sold for the taxes of 1868 on the 13th day of September, 1869, and the deed on account of such sale was executed on the 6th day of February, 1900. This deed was authorized by the statute which provides: "When, by the provisions of any former law of this State, any officer or person was by law authorized to make deeds for lands or lots sold for taxes, and the same has not been done, the clerk of the county court of the proper county shall be and is hereby authorized to make such deeds to all persons entitled thereto, and the deeds which shall be made by the clerk of the county court shall be good and valid in law as if made by the person authorized under such former law to make such deeds." Kirby's Dig., § 7108. And such former law, under which the land in controversy was sold for taxes of 1868, provides that a deed executed in pursu-

ance thereof "shall vest in the grantee, his heirs or assigns, a. good and valid title, both in law and equity, and shall be received in all courts as *prima facie* evidence of a good and valid title in such grantee, his heirs and assigns." Acts of 1868,. page 280, § 70.

The deed executed by county clerk of Chicot County to the heirs of William B. Streett is *prima facie* evidence of a good and valid title to the land in controversy in the grantees therein, their heirs and assigns. This *prima facie* evidence is not overcome. An effort to do so was made by the record of the sale of the land for the taxes of 1873, 1874 and 1875, on the 15th day of May, 1876. Such sale should have been for the taxes of all these years at one time, at one offering, and not in separate sales. *Worthen* v. *Badgett,* 32 Ark. 496, 532, 533. The presumption is that it was, and was sold for one per cent. county tax for 1875, when five mills was the maximum of such tax. Constitution of 1874, art. 16, § 9. The sale was void, and was afterwards. set aside by decree of the Chicot Chancery Court rendered on the 28th day of January, 1882, which decree was followed by an invalid sale made under decrees rendered by a special judge at an adjourned term of the court, when the judge thereof was. holding the regular term of another county. *Streett* v. *Reynolds,* 63 Ark. 1.

The court found that the tax sale of 1868 was void. We find no evidence of that fact. The plaintiff filed a copy of the record of the sale of the land for the taxes of 1868, on the 13th of September, 1869, to prove that fact. But it contains only the names of the owner, the description of the land, the taxes assessed against the same, and the name of the purchaser. It was a record of the sale, and nothing more, and does not show its invalidity.

Plaintiffs failed to show that they had title to the land. Their complaint ought to have been dismissed for want of equity.

The decree is affirmed as to the west half of the land; and as to the remainder is reversed, and the cause is remanded with directions to the court to enter a decree in accordance with this opinion.