STAGGS *v.* STORY.

4-9838                                250 S. W. 2d 125

Opinion delivered June 30, 1952.

*John P. Vesey*, for appellant.

*Graves & Graves*, for appellee.

HOLT, J. The parties to this litigation own adjoining residence lots in the City of Hope. Appellant, Cora Staggs, is the sister of appellee, Garrett Story, and the mother of appellant, Opal Hatley. Appellants are the record owners of (and live in a house situated on) the east half of lots 1, 2 and 3 in block 40 in the City of Hope, and appellees the record owners of (and live in a house situated on) the west half of said lots.

The question involved is the ownership of a strip of land about 21½ feet wide and 150 feet long, running north and south through these lots. Appellants claim title to, and right to possession of, the disputed strip by adverse possession and say: "The sole question is whether or not the appellants were in adverse possession of the disputed strip of land; since the 1951 survey could not divest appellant of title if appellants had acquired title by adverse possession for a period of seven years prior to 1951."

The trial court found against appellants, dismissed their petition for want of equity, and from the decree is this appeal.

On a trial *de novo* here, unless we can say from all the testimony that the Chancellor's findings were against the preponderance thereof, we must affirm the decree.

The testimony tended to show, as found by the Chancellor; "That Garrett Story acquired the E ½ of lots 1, 2 and 3, of block 40 in the City of Hope, Arkansas, in 1909; and that he also acquired by purchase, or contract to purchase, the W ½ of said lots some time prior to 1911; that when Garrett Story acquired all of this property, prior to 1911, there was a fence running approximately north and south through these lots at a point

about where the sycamore tree mentioned in the evidence, now stands on said property.

"That said north and south fence was taken down and removed by Garrett Story sometime during the year 1911, and at a time when he was the owner of all of lots 1, 2 and 3, and prior to the time he made the deed conveying the east half thereof to Cora Staggs and Anna Story; that Cora Staggs and Opal Hatley are the present record owners of the E ½ of said lots and make their home thereon; and that Garrett Story is the record owner of the W ½ of said lots and lives with his family thereon; that the disputed strip is a part of the area situated between the two houses of these parties, and both are claiming it as a part of their respective yards; that such disputed strip is the extreme E 21½ feet of the west half of lots 1, 2 and 3, according to the official plat of said block 40 and therefore, Garrett Story is the record owner of the area in dispute.

"That since 1911 there has been no fence running north and south through these lots; and from 1911, when the old fence was torn down, to November, 1946, when Mrs. Hatley began to set out a hedge along what she now alleges to be the line, there was no clearly marked dividing line between the Staggs yard and the Story yard; that from time to time in the past (from 1911 to November 1946) Mrs. Staggs planted flowers and shrubs on the area now in dispute, while Mr. Story mowed, or caused to be mowed, the same area, both families using and jointly caring for said strip with no distinct break or dividing line to show where one yard ended and the other began.

"That beginning in November, 1946, Mrs. Hatley started setting out a hedge, and other plants, along what she now alleges to be the dividing line and that since November, 1946, there has been more or less distinct line of growing plants running north and south where the old Sycamore tree is located.

"That in February, 1951, Mrs. Cora Staggs approached Mr. Story and suggested that a survey be made

for the purpose of establishing the correct boundary line between the two properties; that Mr. Story agreed and pursuant to this agreement, the former city engineer, Mr. C. E. Thomas, made a survey and established the correct legal boundary line between the E ½ of lots 1, 2 and 3, and the W ½ thereof; that being dissatisfied with the Thomas survey, the plaintiffs then caused the line to be run by the County Surveyor, Mr. Gordon Prescott; that Prescott fixed the dividing line almost exactly where Thomas had placed it, the result of the two surveys—although made independent of each other—not varying over one-tenth of a foot.

"The plaintiffs, Cora Staggs and Opal Hatley, refused to be bound by either the Thomas or Prescott survey after they were made . . . and on May 17, 1951, the defendants erected or caused to be erected a new fence; that said new fence is located 10 inches west of the property line as staked and/or marked by C. E. Thomas; that said fence is there now approximately 10 inches west (or inside) of the W ½ of lots 1, 2 and 3, as surveyed by Thomas and Prescott; that this is the fence to which plaintiffs object and complain.

"The sewer line serving the Staggs-Hatley residence runs in from the street approximately 13 feet and 2 inches west of the new fence; and such sewer line was put there by Garrett Story in 1912 at the time he sold the east half of lots 1, 2 and 3 to Mrs. Staggs and Mrs. Anna Story."

On these facts the court correctly concluded: The defendant, Garrett Story, having established record title to the disputed strip, the burden rests upon the plaintiffs (appellants) to establish their claim of adverse possession to the east 21½ feet of the west half of lots 1, 2 and 3 of said block 40; or in lieu thereof, to prove by a preponderance of the evidence that the defendant, Garrett Story, has in fact acquiesced for a long period of years in a mistaken boundary.

"That the plaintiffs have not met this burden because the evidence here shows that if the possession of Staggs and Hatley is adverse at all it only became so

no earlier than November, 1946, and therefore has not been exclusive, adverse and hostile for a period of seven years necessary to ripen into title and divest the record owner.

"That the plaintiffs (appellants) are entitled to no relief, except to have an easement declared in their favor over the disputed strip for their sewer line inasmuch as the testimony does show that Garrett Story placed the line there in the first place and has acquiesced for a long period of years in its location and use by the plaintiffs; but the testimony *does not* establish that he has acquiesced for a long period of years in a mistaken boundary.

"That the temporary injunction heretofore entered must be dissolved, and the cause dismissed for want of equity as to all issues involved except that an easement will be decreed in plaintiffs' favor across the disputed strip for the sewer line, said easement to run with the land until abandoned, or released by the parties entitled thereto or by operation of law."

A decree was entered in accordance therewith.

In order to constitute adverse possession our rule, many times announced by this court, is that this possession must be " 'actual, open, continuous, hostile, exclusive and be accompanied by an intent to hold adversely and in derogation of and not in conformity with the right of the true owner. . . . It must be hostile in order to show that it is not held in subordination and subserviency to the title of the owner.' " *Watson* v. *Hardin,* 97 Ark. 33, 132 S. W. 1002.

In the present case on account of the family relationship of the parties stronger evidence, of adverse possession of appellants to the disputed strip (which is not embraced in the calls of their deed) was required than in those cases where no such relationship existed. Appellants have failed to meet this burden.

We said in *Bellamy* v. *Shryock,* 211 Ark. 116, 199 S. W. 2d 580: "Due to the relationship of the adverse claimants and the adjoining owners in the instant case,

appellants were required to sustain their proof of adverse possession by stronger evidence than is required in ordinary cases involving the question. 1 Am. Jur., p. 819." See, also, *Robeson* v. *Hicks,* 214 Ark. 595, 215 S. W. 2d 1017.

Finding no error, the decree is affirmed.

Justice McFADDIN not participating.