ARK. & OZARKS RY. CORP. *v.* WEST.

5-2584                                    353 S. W. 2d 337

Opinion delivered February 5, 1962.

*Virgil D. Willis,* for Ark. & Ozarks Ry. Corp.; *William S. Walker* and *Bill Doshier,* for cross-appellants, Ara R. Bailey, et al.

No brief for appellee.

GEORGE ROSE SMITH, J. In 1960 the Arkansas & Ozarks Railway Corporation abandoned its operations as a railroad. In 1961 the company brought this suit to quiet its title to a segment of its former right of way, 200 feet in width, lying in the town of Alpena. The former owners of the fee were named as defendants and were served by warning order, but they did not appear in the case. The suit was resisted by A. R. Bailey and others, who intervened and contended that the abandoned right of way had reverted to them as abutting owners. The chancellor dismissed both the complaint and the intervention for want of equity, and the plaintiff and the intervenors have separately appealed.

We consider first the railroad company's appeal. The townsite of Alpena was formerly owned by George West as trustee for Allegheny Improvement Company, an Illinois corporation. On September 7, 1901, West as trustee conveyed the right of way now in question to St. Louis & North Arkansas Railroad Company, the appellant's predecessor, with a provision in the deed that the right of way should be held by the grantee "so long as the same shall be required and used for railroad purposes and no longer." Thus this appellant's right of occupancy ostensibly ended when the line was abandoned in 1960.

To establish its claim to the fee the appellant filed two affidavits in which it was stated that the railroad company had been in open, notorious, and peaceable possession of the right-of-way strip for more than seven years. It was also stated that the company had paid the taxes for more than seven years and that there had been no adverse occupant of the property.

In a suit to quiet title the plaintiff has the burden of establishing its title to the land. *Bullock* v. *Duerson,* 95 Ark. 445, 129 S. W. 1083. The invalidity of the plaintiff's title may be shown by an adverse party whose own claim to the land is void. *Meyer* v. *Snell,* 89 Ark. 298, 116 S. W. 208. These affidavits do not establish a prima facie title. The company was entitled to possession as

long as the strip was used for railroad purposes. That possession, attributable to the easement, was not adverse to the fee title unless and until there was notice of a claim hostile to the fee. *Terral* v. *Brooks,* 194 Ark. 311, 108 S. W. 2d 489. Since there is no proof that the appellant ever asserted any claim other than its right to use the land for railroad purposes the chancellor correctly held that the plaintiff did not make a prima facie case.

The intervenors' claim must also be rejected, because their land does not abut the abandoned right of way. When West as trustee platted the townsite in 1900 he dedicated   River street along one side of what later became the railroad right of way and Main street along the other side. When West as trustee conveyed the strip to the railroad company in 1901 it was bounded on both sides by public streets, with no private property in between. The intervenors own various lots abutting one street or the other on the side opposite the abandoned railroad right of way.

A situation in effect identical to this one was considered in *McGee* v. *Swearengen,* 194 Ark. 735, 109 S. W. 2d 444. There a drainage district easement lay between Nance avenue on the north and a state highway on the south, just as the railroad strip lies between River and Main. Monaghan owned the fee underlying the drainage easement and also the land north of Nance avenue, just as West as trustee owned the entire Alpena townsite in 1900. Monaghan platted the land north of Nance avenue and sold it by lot and block number, just as West did in the case at bar. We held that Monaghan's reserved fee in the drainage property did not attach to and become a part of Nance avenue to such an extent that his conveyance of the lots on the other side of the street vested in the grantees any rights in the fee of the drainage district property. Under the rule laid down in that case the chancellor properly concluded that these intervenors have no claim to the abandoned right of way that lies across the street from their lots.

Affirmed.