J. C. CASH *v.* CITIZENS BANK OF TILLAR,
Arkansas

82-138                                            642 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered November 29, 1982

450

*Honey & Rodgers,* by: *Danny P. Rodgers,* for appellant.

*L. David Stubbs,* for appellee.

GEORGE ROSE SMITH, Justice. The principal issue argued here is whether this case was properly tried in the circuit court as an action in ejectment rather than being dismissed for an asserted lack of jurisdiction of the subject matter. We hold that the circuit court was right in trying the case.

The plaintiff bank, by its amended complaint in the Drew chancery court, sought to quiet its title to a 9.3-acre tract lying partly in Drew county and partly in Desha county. The defendant Cash filed two motions on the same day, one asking that the suit be dismissed because the defendant was in possession of the land and the other asking that the suit be transferred to the Desha circuit court because the suit was in ejectment. The chancellor denied the motion to dismiss, granted the motion to transfer, and transferred the case to the Drew circuit court.

In the circuit court the case was set for a non-jury trial. At the beginning of the trial Cash's trial attorney, who is no longer in the case, orally asked in effect that the case be dismissed because the bank had not amended its complaint to seek any relief other than the quieting of its title. After an extended discussion the trial judge permitted the bank to amend its complaint to make the case one in ejectment. Cash's attorney made no request for a continuance or any other objection, saying instead, "That's fine." The case was then tried on its merits, with the decision being in favor of the bank.

It is first argued that since Cash was in possession the chancery court had no subject-matter jurisdiction of the suit to quiet title and the circuit court acquired none by reason of the transfer. The subject matter, however, was not the quieting of title, as counsel argue. Quieting title is merely a remedy. The subject matter was the land, which lies partly in Drew county, within the jurisdiction of both courts. Ark. Stat. Ann. § 27-601 (Repl. 1979). Perhaps Cash could have stood upon his motion in the chancery court to dismiss the suit because he was in possession, but instead he asked alternatively that the case be transferred to the circuit court. The chancellor properly sustained the motion to transfer. As we said in an earlier suit to quiet title, *Jackson* v. *Gregory*, 208 Ark. 768, 187 S.W.2d 547 (1945): "Since appellant did not allege that she was in possession of the land, and it appeared that the appellees were in possession when this litigation was instituted, the suit was properly transferred to the circuit court, and that court correctly treated it as an ejectment proceeding."

That quotation also answers Cash's second argument, that the trial judge should not have treated the complaint as being amended to state a cause of action in ejectment. Absent any showing of prejudice the bank was entitled to amend its complaint, even without leave of court. ARCP Rule 15. Cash, having moved for the transfer on the ground that the suit was one in ejectment, cannot complain that his contention was sustained.

Cash's final argument, that the trial court should have allowed him to remove a building from the land, is not supported by any admissible proof brought to our attention. Counsel have abstracted on this point only a letter written to Cash by the bank six months before suit was filed. The letter declared Cash to be a trespasser and ended: "We also expect your temporary building to be removed from our property." The trial judge refused to consider the letter, because it was not introduced at the trial and was proffered only as an unsupported objection to the judge's approval of the precedent for judgment. We have no basis in the proof for holding that the court should have allowed the removal of the building.

Affirmed.