Russ STOCKTON and Stephanie Stockton *v.* SENTRY
INSURANCE, a Mutual Company, and Curt L. McDuff, Jr.

97-720                                                965 S.W.2d 762

Supreme Court of Arkansas
Opinion delivered March 26, 1998

*Matthew Horan,* for appellants.

*Cross, Gunter, Witherspoon & Galchus, P.C.,* by: *M. Stephen Bingham,* for appellees.

TOM GLAZE, Justice. Appellants Russ and Stephanie Stock-
ton filed suit against appellee Sentry Insurance and its agent, Curt

L. McDuff, Jr. The Stocktons alleged that Sentry had recruited Russ to be a franchisee to sell and distribute Sentry's insurance services in Benton County, and in return, he was to receive an income of $50,000.00, an office, a company car, a sales coordinator, and a telephone service. The Stocktons further charged that McDuff had intimidated and harassed them during a three-year period and had reneged on Sentry's promise of an office, forcing Stephanie Stockton to serve as Russ's unpaid secretary. Russ Stockton also asserted that Sentry's and McDuff's actions forced him to resign, and although he had prearranged with Sentry to have his dental work done, Sentry called the dentist's office and improperly withheld its approval when Russ was actually in the dental chair having his teeth drilled. In their complaint, the Stocktons alleged the following seven separate causes of action against Sentry and McDuff:

(1)   fraud in the offer of a franchise to Russ Stockton;

(2)   tort of outrage towards both Russ and Stephanie Stockton;

(3)   violation of the wage and hour laws as related to Stephanie;

(4)   negligence against Russ Stockton;

(5)   breach of Russ Stockton's contract;

(6)   tortious interference with Russ Stockton's contract;

(7)   battery in Russ Stockton's favor as a result of Sentry's acts in cancelling his dental insurance in "mid-procedure."

Sentry and McDuff moved to dismiss the Stocktons' complaint under Ark. R. Civ. P. 12(b)(6), stating the complaint failed to state facts upon which relief could be granted.[1] The Stocktons responded, stating their complaint was sufficient, and the motion to dismiss should be denied. After the respective parties submitted briefs, the trial court entered its order dismissing all of the

---

[1] A number of additional pleadings were filed related to this cause being temporarily removed to a federal district court, but we need not reference them, since they are not relevant to our decision.

Stocktons' complaint, except Stephanie Stockton's claim for unpaid wages.[2]

After the trial court's order, dismissing most of the Stocktons' claims, was entered on January 30, 1997, Sentry and McDuff, a week later, filed an answer and counterclaim. In their answer, Sentry and McDuff primarily denied Stephanie's remaining claim, but their counterclaim asserted entitlement to contribution and indemnity against Russ Stockton, if they were adjudged liable to Stephanie. The Stocktons then moved for the trial court to reconsider its granting of Sentry's and McDuff's summary-judgment motion. When the trial court failed to rule on their motion, the Stocktons filed their reply to Sentry's and McDuff's counterclaim, and then filed what they captioned as a "Notice of Dismissal." No further action was taken by the trial court, Sentry or McDuff, and the Stocktons filed their notice of appeal from the trial court's January 30, 1997 order. Sentry and McDuff countered, arguing that, because the Stocktons had not complied with Ark. R. Civ. P. 54(b), no final order had been entered from which the Stocktons can appeal. In addition, they submit that, even if there was a final order, the Stocktons' appeal was filed untimely.

■ The Stocktons' appeal is obviously premature, and must be dismissed, since they failed to comply with Rule 54(b). We have repeatedly held that, to be appealable, an order must be final, Ark. R. App. P.—Civil 2, and the finality of a trial court's order is governed by Rule 54(b), which provides that a trial court may direct entry of a final order or judgment as to fewer than all the parties to a multiparty suit, as long as the court expressly determines, with factual findings, that there is no just reason to delay the appeal. *See Dean v. Tallman*, 331 Ark. 127, 959 S.W.2d 41 (1998). In the absence of this determination and findings, an order is not final when it adjudicates fewer than all the claims or

---

[2] The trial court granted Sentry and McDuff summary judgment in dismissing six of the Stocktons' claims, and in doing so relied on several exhibits contained in Sentry's brief. While the Stocktons offer convincing argument that such exhibits should not have been used by the trial court, we do not reach the merits of the issue, since the case is dismissed because of a lack of jurisdiction.

the rights and liabilities of fewer than all the parties. *Id.* The underlying policy of this rule is to avoid piecemeal appeals. *Id.*

■ In this case, the trial court's order never mentioned Sentry's and McDuff's counterclaim, *see Williamson v. Misemer*, 316 Ark. 192, 871 S.W.2d 396 (1994), but most significant, the Stocktons never properly dismissed Stephanie Stockton's remaining wage-loss claim, which is still pending. As we previously mentioned, Stephanie Stockton filed a "notice of dismissal," which she now argues dismissed her remaining claim. However, we have held that a court order is necessary to grant a nonsuit and that the order (judgment or decree) must be entered to be effective. *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997). Here, the record reflects the Stocktons never filed an actual motion to dismiss Stephanie's claim, nor did they request the trial court to rule on their dismissal request.

■ In sum, Stephanie Stockton's wage-loss claim remains pending below, as does the counterclaim of Sentry and McDuff. Because the Stocktons failed to comply with the directives of Rule 54(b) before filing their notice of appeal, we must dismiss without prejudice on jurisdictional grounds.