Mary Ellen KOONCE *v.* William D. MITCHELL, and
Delores Mitchell, Husband and Wife; Norris
Surratt, Appellee/Intervenor

99-650                                    19 S.W.3d 603

Supreme Court of Arkansas
Opinion delivered June 22, 2000

*Van B. Taylor,* Chancellor;

*Brazil, Adlong, & Osment, PLC,* by: *Joe Don Winningham,* for appellant.

No response.

RAY THORNTON, Justice. This case involves a dispute between neighbors regarding the establishment of the boundary line between them. They each claim an interest in a strip of land fifteen-feet wide east and west, and one-hundred fifty feet north and south (hereinafter "the strip") that separates their residential properties. The record owner of the strip has not been made a party to this litigation, and none of the parties to this litigation have any record title to the strip. The trial court attempted to resolve the dispute without joining the record owner of the strip. We reverse and dismiss the case.

The litigation commenced when the plaintiffs, William and Delores Mitchell, brought an action against the defendant, Mary Ellen Koonce, seeking to quiet title by asserting ownership of the east half of the strip by adverse possession and seeking an injunction requiring Ms. Koonce to remove a fence on the eastern boundary of the strip. There is no showing that the record owner of the strip was given notice of the litigation. Ms. Koonce responded by asserting her own claim of title to the entire strip both by adverse possession and by acquiescence of the plaintiff to the eastern boundary of the strip as the property line. She did not join the record owner of the strip in her answer. The intervenor, Norris Surratt, joined in the litigation, seeking to protect his record title to property separate from the disputed strip from any claim of adverse possession. Because we conclude that the case must be dismissed, we do not reach the merits of the intervenor's claims.

This is a bizarre case in which we have two parties battling over the strip of land, but the record owner of the strip was not in court. The trial court acknowledged in its amended order that an unknown record owner still retains the eastern seven and one-half feet of the strip. Moreover, we note that Mr. Mitchell's claim to the

eastern half of the strip was contradicted by his own testimony that "[w]e do not own it and the Koonces do not own it. Neither party has paid taxes on it." No boundary line was established between the Mitchells and Ms. Koonce, but the width of the strip belonging to the unknown holders of record title was reduced from fifteen feet to seven and one-half feet.

We observe that, in the absence of the record owner, the trial court could not resolve all issues before it. The ownership of the strip remains subject to further dispute between the Mitchells, Ms. Koonce, and the unknown holder of record title. In order to establish a boundary between the Mitchells and Ms. Koonce, it is necessary to adjudicate the interest of the record owner. Therefore, the controversy over who eventually will own the strip between the Mitchells and Ms. Koonce remains unresolved, and will require further litigation to settle title.

■ An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Stockton v. Sentry Ins.*, 332 Ark. 417, 965 S.W.2d 762 (1998). *See also* Ark. R. Civ. P. 54(b). The underlying policy of this rule is to avoid piecemeal appeals. *Id.* Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Doe v. Union Pac. R.R.*, 323 Ark. 237, 914 S.W.2d 312 (1996).

■ The proceedings in the case before us were flawed because the record owner was not given notice of the petition to quiet title, and was not made a party. Therefore, we must resolve the question whether the trial court had subject-matter jurisdiction to adjudicate the interest of that record owner in the strip. We must raise issues of subject-matter jurisdiction even when such questions are not raised below. *Vanderpool v. Fidelity & Casualty Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). In determining subject-matter jurisdiction, we note that a *prima facie* case to quiet title requires a showing that the plaintiff has legal title to the property and is in possession. *Gingles v. Rogers*, 206 Ark. 915, 175 S.W.2d 192 (1943). In an action to quiet title, the plaintiff has the burden of establishing his or her title to the land. *Bullock v. Duerson*, 95 Ark. 445, 129 S.W. 1083 (1910).

Arkansas Code Annotated sections 18-60-501—505 (1987) provide the statutory framework for actions to quiet title. Specifically, Ark. Code Ann. § 18-60-503 (1987) provides the procedure by which notification must be given to all persons who claim an interest in the disputed land. The statute reads in pertinent part:

> (a) Upon the filing of the petition [to quiet title], the clerk of the court shall publish a notice of the filing of the petition on the same day of each week, for four (4) weeks in some newspaper published in the county . . . The petition shall describe the land and call upon all persons who claim any interest in the land or lien thereon to appear in the court and show cause why the title of the petitioner should not be confirmed.

*Id.*

■ It is well established that, in order to constitute adverse possession, the possession must be actual, open, continuous, hostile, exclusive, and be accompanied by an intent to hold adversely and in derogation of, and not in conformity with, the right of the true owner. *Staggs v. Story*, 220 Ark. 823, 250 S.W.2d 125 (1952). Implicit in this rule is that the record owner must be a party to the proceedings, or be given notice of the petition to quiet title as provided by Ark. Code Ann. § 18-60-503.

■ Here, nothing in the record reflects compliance with Ark. Code Ann. § 18-60-503, and because of the failure to give notice to the record owner, neither appellant nor appellee were able to make a *prima facie* case to quiet title. Therefore, we hold that the trial court lacked subject-matter jurisdiction to adjudicate the rights to the land. When the trial court lacks subject-matter jurisdiction, the appellate court also lacks subject-matter jurisdiction. *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995).

■ In actions where the trial court lacked subject-matter jurisdiction, we have reversed and dismissed without prejudice. *Weiss v. Johnson*, 331 Ark. 409, 961 S.W.2d 28 (1998). Accordingly, we reverse and dismiss without prejudice in this case.

Reversed and dismissed without prejudice.

GLAZE and BROWN, JJ., concur.

IMBER and SMITH, JJ., dissent.

Tom Glaze, Justice, concurring. The majority opinion initially relates that the trial court could not (and did not) adjudicate all the claims or rights and liabilities of all the parties because the record-title owner to the disputed strip of land was not a party to the lawsuit. In taking this position, it appeared this court would dismiss this appeal pursuant to Rule 54(b). Instead, the majority opinion tends to stray and discusses subject-matter jurisdiction, which I believe is a non-issue. The chancery court here unquestionably had the authority to decide this quiet-title action. While I could agree with the majority court to dismiss this appeal on Rule 54(b) grounds, I cannot agree to dismiss based upon the premise that the chancery court lacked subject-matter jurisdiction.

In conference, it was suggested that Rule 54(b) is inapplicable here because all rights and claims of persons made parties to the lawsuit have been resolved. Of course, in the absence of the record-title owner, the parties' rights to the disputed strip of land have not been fully adjudicated, and for that reason alone, the appeal should be dismissed. Clearly, a cloud on the title to the disputed strip of land still exists, and the chancellor made this point in his amended order wherein he recited that an unknown record owner still retained the eastern seven and one-half feet of the disputed strip. Whether this court affirms the chancellor's decision or dismisses this appeal, a cloud on the title to the strip will continue until a proper quiet-title proceeding is conducted and all parties' rights are fully adjudicated. I join the majority opinion in dismissing this case, but do so on Rule 54(b) grounds.

Robert L. Brown Justice, concurring. I concur and write to underscore the fundamental defect in this litigation. How can you bring a quiet-title action based on adverse possession without making the record owner of the land in question a party defendant? The answer is obvious. You cannot. Here, the two parties to this lawsuit laid claim to the strip of land as adverse possessors but failed to sue the person against whom they supposedly adversely possessed. It is difficult to see how title to land can be adjudicated under these circumstances. What we have here is two claimants asserting an interest in land without the landowner knowing about it. I agree to reverse and dismiss without prejudice.

Annabelle Clinton Imber, Justice, dissenting. I disagree with reversing and dismissing this case without prejudice.

In short, I would affirm the chancellor because the point this court reverses on is that the chancellor erred by failing to join the record owner of the fifteen-foot disputed strip of land. First, there is only one brief filed in the case and it does not argue the necessary-party issue on appeal; nor can I locate in the record that this necessary-party issue was ever presented to the trial court. I am unaware of any legal authority that gives this court authority to raise a necessary-party issue for the first time on appeal. Indeed, the majority opinion recognizes this fundamental constraint that governs appellate review when it attempts to frame the necessary-party issue under the rubric of subject-matter jurisdiction. Unfortunately, the subject matter is not the quieting of title, which is merely a remedy. *Cash v. Citizens Bank of Tillar*, 277 Ark. 449, 642 S.W.2d 318 (1982). The subject matter is the land, which clearly lies within the jurisdiction of the Conway County Chancery Court. *Id.* Consequently, I must disagree with the majority's misguided assertion that the trial court lacked subject-matter jurisdiction to adjudicate the rights to the land. Finally, notwithstanding the majority opinion's suggestion to the contrary, the trial court's decree and amended decree are final orders pursuant to Ark. R. App. P—Civ. 2. The trial court's orders in this case dismiss the *parties* from the court and conclude *their* rights, if any, to the subject matter in controversy — the fifteen-foot strip of land. To the extent that the parties had knowledge of any prior record owners and did not join them as defendants in this case, as required by Ark. Code Ann. § 18-60-502 (1987), the prior record owners may bring suit to set aside the decree for fundamental errors such as fraud or lack of jurisdiction which would render the decree void *ab initio*. *Welch v. Burton*, 221 Ark. 173, 252 S.W.2d 411 (1952).[1]

For these reasons, I respectfully dissent.

SMITH, J., joins in this dissent.

---

[1]    It should be noted that each party averred that no other persons claim any interest in the fifteen-foot strip. Moreover, the surveyor's investigation failed to disclose anyone with record title to the fifteen-foot strip.