Cite as 2022 Ark. App. 199

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-20-657

| | |
|---|---|
| DJS DEVELOPMENT, LLC<br>APPELLANT<br><br>V.<br><br>DEBRA BRAWLEY, HOPE BAWCOM,<br>STEPHANIE DAVIS, AND FREEMAN DAVIS<br>APPELLEES | Opinion Delivered May 4, 2022<br><br>APPEAL FROM THE SHARP<br>COUNTY CIRCUIT COURT<br>[NO. 68CV-18-256]<br><br>HONORABLE ROB RATTON, JUDGE<br><br>REVERSED AND DISMISSED WITHOUT<br>PREJUDICE |

## MIKE MURPHY, Judge

This case arises from a boundary-line dispute. The real property at issue is an approximately seven-acre strip of land running north-south located in Sharp County. Appellees Debra Brawley and Hope Bawcom filed this quiet-title action against Michelle Norris (as agent of DJS Development, LLC) and Stephanie and Freeman Davis. The court quieted title in Bawcom and Brawley on the basis of a finding of boundary by acquiescence. Appellant DJS Development filed a posttrial motion to vacate the judgment and dismiss for lack of subject-matter jurisdiction, which the court denied. We reverse and dismiss without prejudice.

On December 31, 2018, Bawcom and Brawley filed their petition to quiet title alleging adverse possession and boundary by acquiescence; they also asserted a claim for damages. The court conducted a hearing on March 9, 2020, to determine the ownership interest.

At the hearing, DJS, Brawley, and Bawcom stipulated that they owned the adjoining parcels on the disputed boundary line.[1] Evidence established that appellees own land to the east of the north-south fence line; the Brawleys owned the southern tract and Bawcom owned the northern tract. Bawcom testified that the property had been in her family for a long time, and it was deeded to her in 1991. Russell Brawley (Debra's husband) testified that when they purchased the property in 1991, Max Sams owned the adjoining parcel on the west side. Max Sams was the predecessor in title to the Davises. Freeman Davis testified that he purchased the property in 2000, and when he divorced his wife in 2003, she quitclaimed her interest in the land to him. Freeman testified he sold the land to DJS in 2018. Dale Schamel testified on behalf of DJS that the company had acquired record title to the 43.453 acres west of the fence line by warranty deed and the 7.011 acres east of the fence line by quitclaim deed.

On July 13, the court entered an order finding that the fence line served as the boundary by acquiescence between the adjoining parcels and quieting title to the 7.011 acres east of the old fence line in Bawcom and Brawley. The court denied their request for damages. DJS timely filed its notice of appeal on August 11.[2]

DJS obtained a new attorney, and on September 2, it moved to vacate the judgment and to dismiss the action for lack of subject-matter jurisdiction in accordance with Arkansas Rule of

---

[1]The parties introduced two joint exhibits and explained that DJS received title to part of its land from Freeman Davis by warranty deed and the seven acres at issue by quitclaim deed. One exhibit was a survey from 2000, and the other exhibit was a 2018 survey. When appellees' attorney asked whether he should introduce the actual deeds, DJS's attorney responded, "I'm fine on ownership. I think, Judge, instead of introducing copies of all their deeds, I just think we're stipulating to where we marked on that survey is what the tracts are."

[2]Appellees filed a timely notice of cross-appeal but elected not to pursue it.

2

Civil Procedure 60. In its motion, DJS argued that it never actually had record title to the 7.011 acres east of the old fence line that adjoined appellees' parcels. DJS contended that upon a review of the relevant land records, the deed that transferred title from Anita and Mack Sams to the Davises identified the old fence line as the eastern boundary of the parcel. Thus, the quitclaim deed from Freeman Davis to DJS did not transfer title to the disputed 7.011 acres east of the fence line because it was not Davis's to transfer. DJS argued that the Samses, not DJS, still have record title to the disputed 7.011 acres and therefore should have been put on proper notice and made parties to the proceedings.

A hearing was held on October 6 that consisted only of arguments by counsel. DJS expounded upon its argument that the Samses still have record title to that property, and they should have been given proper notice in accordance with the quiet-title statutes. In response, appellees generally claimed that this was inconsequential because there was never a dispute as to legal title on this particular piece of property. The court took the issue under advisement, and on October 9, it entered an order denying DJS's motion. DJS amended its notice of appeal to incorporate the court's order denying the motion.

On appeal, DJS challenges both the circuit court's subject-matter jurisdiction and its finding of boundary by acquiescence. Because we agree that the order granting quiet title in appellees must be vacated and dismissed, we do not reach DJS's alternative argument.

Arkansas Rule of Civil Procedure 60(a) provides that "[t]o correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk." Arkansas Code Annotated section 18-60-502(b)(2)(A) (Supp.

2021) provides, "The petitioner shall send notice by certified mail to the last known address in duplicate, with one (1) copy addressed by name to the person entitled to notice and the other copy addressed to 'occupant', and if the certified mail is returned undelivered, the petitioner shall send a second notice by regular mail." Arkansas Code Annotated section 18-60-502(b)(3) additionally provides, "If the petitioner has knowledge of any other person who has, or claims to have, interest in the lands, the petitioner shall so state, and the person or persons shall be summoned as defendants in the case." Further, Arkansas Code Annotated section 18-60-503 (Repl. 2015) states in part,

> (a)(1) Upon the filing of the petition, the clerk of the court shall publish a notice of the filing of the petition on the same day of each week, for four (4) weeks in some newspaper published in the county, if there is one, and if not, then in some newspaper having a circulation in the county.

It has long been held that when there is no compliance with the statutory-notice requirements, the circuit court lacks jurisdiction to adjudicate the rights to the land. *See Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000); *see also XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, 467 S.W.3d 161 (reversing a court's order upholding a decree that failed to comply with the notice requirement thirty years prior).

We find *Koonce* and its progeny persuasive despite classifying the notice requirement as a jurisdictional issue. In *Koonce*, the issue of the missing party was not challenged, and the court attempted to resolve the issue on its own without joining the record title owner. Here, we have jurisdiction because DJS appeals from the denial of its Rule 60 motion. The circuit court's denial of a Rule 60 motion is an appealable decision.

4

Through DJS's motion, the court was informed that not all necessary parties were present. DJS presented evidence that, while Freeman Davis quieted title to it in the strip of land at issue, he did not have an interest to deed because the land was still retained by the Samses or their heirs. Appellees failed to join the Samses or their heirs nor did they comply with the notice requirements—they published notice for only two weeks instead of the required four weeks' notice. Due to this failure and oversight, the court erred in denying the motion to vacate.

Appellees defend their lack of compliance with the notice requirements by attempting to distinguish a statutory quiet-title action from a common-law form of action. However, they fail to provide persuasive authority distinguishing the two. Further, appellees' contention––that DJS should be estopped from arguing that it is not the owner of the disputed strip of land––was not raised in the Rule 60 proceedings and is thus not preserved for appellate review. Accordingly, we vacate the order quieting title and dismiss this action.

Reversed and dismissed without prejudice.

VIRDEN and WHITEAKER, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Tory H. Lewis*, *Andrew M. Taylor*, and *Tasha C. Taylor*, for separate appellees Debra Brawley and Hope Bawcom.