Cite as 2022 Ark. App. 427

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-21-560

|  |  |
|---|---|
| STEPHANIE STANFIELD AND DR. CALVIN A. STANFIELD <br><br> APPELLANTS <br><br><br> V. <br><br><br> LLOYD DEE WILLIS <br><br> APPELLEE | **Opinion Delivered** October 26, 2022 <br><br> APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-19-1356] <br><br> HONORABLE LYNN WILLIAMS, JUDGE <br><br> REVERSED AND REMANDED |

## LARRY D. VAUGHT, Judge

Stephanie Stanfield appeals the Garland County Circuit Court's order denying her motion to reopen, intervene, and overturn a decree of quiet title entered in favor of Lloyd Dee Willis. On appeal, Stephanie argues that the circuit court erred in denying her motion because she was not given proper notice of the quiet-title action. We reverse and remand for an entry of an order vacating the decree of quiet title.

On October 4, 2019, Lloyd filed a petition against Dr. Calvin Stanfield to quiet title in lots 5 and 7, block 4 of Barnes & Smith Addition in Garland County, Arkansas ("Lots 5 and 7"). In the petition, Lloyd alleged that his mother, Jackie Willis Costly, had owned lot 6, block 4 of Barnes & Smith Addition ("Lot 6") since May 23, 1977, when she received a quitclaim deed to the property. Lloyd alleged that on November 29, 2016, his mother issued a quitclaim deed transferring ownership of Lot 6 to him, while retaining a life estate in the property. Lloyd

asserted that his mother died on August 15, 2017, vesting him with fee-simple ownership of Lot 6.

Lloyd further alleged that he and his mother had been in actual, open, visible, notorious, distinct, exclusive, and continuous possession of Lots 5, 6, and 7 for forty-two years, with a claim of right, color of title, and payment of taxes on the abutting land since May 23, 1977. Lloyd sought an order from the circuit court quieting title of Lots 5 and 7 in him.

On November 18, 2019, the circuit court entered a decree of quiet title of Lots 5 and 7 in Lloyd. In the decree, the court stated that Lloyd and his attorney were present, but no one appeared in opposition to the petition. The decree further noted that the matter had been presented to the court on Lloyd's petition, his notice of the petition, his proof of publication in the matter required by law, his proof of service on Calvin, the affidavit and deposition of Lloyd, and the statements of counsel. The court also found that (1) notice of the petition against Calvin had been published in a daily circular newspaper in Hot Springs, Arkansas, setting forth the pendency of the action, the names of the parties, the title of the court, and the time in which interested parties were required to answer the petition; (2) Calvin had been served with process as required by law but failed to timely respond and is in default; (3) notice of the filing of the petition had been given as required by law; (4) Lloyd had been in actual, open, visible, notorious, distinct, and exclusive possession of Lots 5, 6, and 7 with color of title and claim of right and had paid taxes on the abutting land continuously since May 23, 1977; (5) there are no adverse occupants of Lots 5 and 7; and (6) title to Lots 5 and 7 should be quieted in Lloyd.

On July 20, 2021, Stephanie, Calvin's daughter, filed a motion to reopen, intervene, and overturn the decree of quiet title of Lots 5 and 7 in Lloyd. Stephanie alleged that Lloyd committed a fraud on the court because in his petition he claimed that he had paid the taxes on Lots 5 and 7, but he did not. She claimed that she had paid the taxes on Lots 5 and 7 since her father's death,[1] and she attached tax receipts to her motion.[2] Stephanie also alleged that she was entitled to notice of Lloyd's petition under Arkansas Code Annotated section 18-60-502(b)(1) (Supp. 2021) and that she did not receive notice. She further asserted that Lloyd was aware of her existence prior to filing the petition as he had contacted her in early 2019 seeking to purchase Lots 5 and 7 from her, yet he did not serve the petition on her. Citing Arkansas Code Annotated section 18-60-510 (Repl. 2015), she claimed that she timely moved to set aside the quiet-title decree. And citing Arkansas Rule of Civil Procedure 60(c)(4), she alleged that the quiet-title decree should be set aside on the basis of fraud; specifically, Lloyd's representations that he had paid the taxes on Lots 5 and 7 and that he had served the proper parties with the petition.

In Lloyd's response to Stephanie's motion, he challenged her allegation of fraud by stating that his petition did not aver that he had paid the taxes on Lots 5 and 7; rather, he alleged in the petition that he and his mother had paid the taxes on the land that abutted Lots 5 and 7. Lloyd also alleged that the tax receipts for Lots 5 and 7 showed that Calvin is the

---

[1]The record does not reflect when Calvin died.

[2]Stephanie attached Garland County tax receipts for Lots 5 and 7 that confirm the payment of taxes of the properties for the years 2008 and 2015. The 2008 tax receipts for Lots 5 and 7 include both Calvin's and Stephanie's names on them. The 2015 tax receipts for Lots 5 and 7 list Stephanie's name under "PAID BY" and list Calvin's name under "TAXPAYER."

record owner and that his address is 7689 Stonebridge Dr., Victor, NY 14564, where he purportedly mailed notice of his quiet-title action. Lloyd also alleged that Stephanie was not entitled to notice.

In Stephanie's reply, she agreed that the address listed on the tax receipts for Lots 5 and 7 is 7689 Stonebridge Dr., Victor, NY 14564, but she alleged that is her address, too, and that she never received notice of the quiet-title action at that address. She maintained her allegation that Lloyd had tried to purchase Lots 5 and 7 from her and that he commenced the quiet-title lawsuit when he could not purchase the property at a satisfactory price. She retracted her allegation that Lloyd fraudulently alleged that he had paid the taxes on Lots 5 and 7. She conceded that she had misread the allegation, and she apologized to the court.

On August 19, the circuit court, without a hearing, entered an order denying Stephanie's motion to reopen, intervene, and overturn the decree of quiet title. The court's only comment was that the motion was without merit. Stephanie has appealed this order. In a challenge of a decree quieting title, if the party claims that the judgment is void, then the matter is a question of law, which we review de novo. *XTO Energy, Inc. v. Thacker*, 2015 Ark. App. 203, at 6, 467 S.W.3d 161, 166.

Arkansas Code Annotated section 18-60-502 sets forth the statutory-notice requirements for quiet-title actions:

> (b)(1) The petitioner shall initiate a search of the following records in order to identify persons entitled to notice and shall provide notice as required under subdivision (b)(2) of this section:
>
> (A) Land title records in the office of the county recorder;
> (B) Tax records in the office of the county collector;
> (C) Tax records in the office of the county treasurer;
> (D) Tax records in the office of the county assessor; [and]

(E) For an individual, records of the probate court for the county in which the property is located;

. . . .

(2)(A) The petitioner shall send notice by certified mail to the last known address in duplicate, with one (1) copy addressed by name to the person entitled to notice and the other copy addressed to "occupant", and if the certified mail is returned undelivered, the petitioner shall send a second notice by regular mail.

Ark. Code Ann. § 18-60-502(b)(1), (2) (Supp. 2021). This statutory-notice provision is mandatory and required Lloyd to conduct searches for particular records in order to identify persons who are entitled to notice, and upon identifying such persons, Lloyd was required to send notice by certified mail to the last known address of such persons in duplicate, with one copy addressed by name to the person entitled to notice and the other copy addressed to "occupant." Ark. Code Ann. § 18-60-502(b)(1)(A)–(E), (b)(2)(A). If the certified mail was returned undelivered, Lloyd was required to send a second notice by regular mail. Ark. Code Ann. § 18-60-502(b)(2)(A).

Stephanie argues that Lloyd failed to comply with section 18-60-502(b)(1). She contends that if he had conducted the required search, he would have seen her name on the tax records for Lots 5 and 7, and he would have discovered that she is a party entitled to notice under the statute. She further contends that she never received notice of the quiet-title action.

There is no evidence on this record that Lloyd complied with section 18-60-502(b)(1) or (b)(2). Lloyd does not contend that he performed the search required in section 18-60-

502(b)(1) or that he provided notice to Stephanie. To the contrary, Lloyd argues that Stephanie was not entitled to notice.[3]

Because there is a lack of evidence demonstrating that Lloyd complied with statutory-notice requirements set forth in Arkansas Code Annotated section 18-60-502(b)(1) or (b)(2), we hold that the circuit court erred as a matter of law in finding that notice of the filing of the petition had been given as required by law.[4] It has long been held that when there is no compliance with the quiet-title statutory-notice requirements, the circuit court lacks jurisdiction to adjudicate the rights to the land. *DJS Dev., LLC v. Brawley*, 2022 Ark. App. 199, at 4, 645 S.W.3d 34, 36 (citing *Koonce v. Mitchell*, 341 Ark. 716, 19 S.W.3d 603 (2000); *XTO Energy, Inc.*, *supra*). Accordingly, we reverse and remand for entry of an order setting aside the decree of quiet title. *XTO Energy, Inc.*, 2015 Ark. App. 203, at 11, 467 S.W.3d at 169.

Reversed and remanded.

VIRDEN and GRUBER, JJ., agree.

*Heaton & Harris LLP*, by: *Colin C. Heaton*, for appellants.

*Eudox Patterson*, for appellee.

---

[3]Lloyd merely argues that he attempted to serve Calvin via certified mail, restricted delivery, with a return receipt requested, without success; therefore, he published notice of his quiet-title action "according to law."

[4]To the extent that Stephanie also asserts in her brief on appeal that Lloyd failed to serve her with his petition to quiet title, we do not address the argument because she fails to offer convincing argument or relevant citation to authority in support of it. *Rain Invs. LLC v. Vu*, 2022 Ark. App. 345, at 4.